01  Michael Edward Equels   J-25307
P.O. Box 409040   B-10-206 Up
02  Ione, Ca.   95640-9040

03  In Propria Persona
In Forma Pauperis
04





05  **ORIGINAL**   In The United States District Court
06                 In and For The Southern District

07

08  Michael Edward Equels,                  '07**CV** 2074 J   **RBB**
09              Petitioner,           <     Case Number:
                                      <     (California Supreme Court Number:
10      VS                            <       S155529
                                      <     Fourth District Court of Appeals
11  County of San Diego,              <     Number: D050813
            Real Party of Interest,   <     San Diego Superior Court Numbers:
12                                    <     HC 15203, CR 143084 )
    State of California,              <
13              Respondants           <     PETITION FOR WRIT OF HABEAS CORPUS

14                          Introduction

15      Comes now the Petitioner, Michael Edward Equels, seeking relief from the

16  order of the California Supreme Court entered on October 10, 2007

17  denying the appeal from order denying petition for writ of habeas corpus, (See

18  Exhibit A).

19      Petitioner contends that he is entitled to prevail as a matter of law as

20  set forth in CUNNINGHAM v CALIFORNIA,(2007) DJDAR 1003 and further alleges that

21  the holding of the Court in that case entitles all defendants in the state of

22  California to resentencing using the new and higher burden of proof of "beyond

23  a reasonable doubt" standard meaning either 1) Take each person who applies for

24  the reduction in time back to trial by jury inclusive of the sentencing phase,

25  or 2) take away the extra time given to each person who applies for the reduct-

26  ion in time that was sentenced by the sitting judge in lieu of a jury even if

27  that person took a plea bargan or his case was closed or any other excuse the

28  state should come up with for not following the directives of the Supreme Court.

-1-

ARGUMENT I

Petitioner has attached, in reverse chronological order, all three state court filings of these issues and the responses from each court as EXHIBIT "B".

Petitioner contends that each of these responses has ignored the ruling in the CUNNINGHAM v CALIFORNIA case and that Petitioner is entitled to prevail as a matter of law. Each time the courts of California have ruled against the Petitioner, they have done so with blatant disregard for the U.S. Supreme Court and the decisions made there.

Even the California Supreme Court, which is designed to correct the errors of the lower courts, has failed to address the issues contained within the petition, given instead a "postcard denial" so as not to have to grant the relief sought within the petition. (See EXHIBIT "A" for postcard denial)

Petitioner still asserts that he is entitled to have the reduction in sentencing as outlined on page 25 line 23 through page 26 line 12 of exhibit "B", based upon the error of the sentencing judge at the time of sentencing and his erroneous and clearly erratum finding of the enhanced consecutive sentencing scheme based on the descussion the judge admitted to holding with his wife about the Petitioner's ongoing case that was set before him on the bench.

Petitioner has pointed out the exact place on court transcripts where the judge has made the admission of holding said discussion with his wife during the sentencing phase and would gladly rehash those allegations if the court would choose to listen to them again, however, that has no real bearing on the case at hand. The judge was not allowed to find the factors in aggravation to use to sentence Petitioner to the illegally enhanced consecutive sentencing scheme that he chose to sentence the Petitioner to and the illegal sentence must now be lifted to comport with the findings and holdings of the U.S. Supreme Court in the CUNNINGHAM V CALIFORNIA case.

-2-

ARGUMENT II

Petitioner contends that the CUNNINGHAM v CALIFORNIA contains four (4)
different and distinct conditions of illegal procedures currently used by the
state in their sentencing schemes; 1) The denial of probation by the judge, 2)
The finding of agravating circumstances by a judge in lieu of a jury 3) The
use of the lower standard of "by a preponderance of the evidence" instead of
the higher standard of "beyond a reasonable doubt"  to make that finding and
4) To use those findings in aggravation to give the defendant an enhanced term
of confinement.

Petitioner contends that the use of ANYTHING to enhance the sentence to
ANYTHING beyond the statutory maximum EVEN BY ONE DAY must be submitted to the
jury and must be found by the jury beyond a reasonable doubt to be true or it
can not be used to enhance the sentence.

Petitioner further contends that the sentence of consecutive sentencing
versus concurrent sentencing is an enhancement in and of itself. e.g. 6 years
on count 1 to run consecutive with 6 years on count 2 equals a total of 12 years
of incarceration while 6 years on count 1 to run concurrent with 6 years on
count 2 equals a total of 6 years of incarceration so the finding of anything
that would allow the sentencing of the consecutive sentences must have been
submitted to a jury, found true beyond a reasonable doubt and confirmed by the
judge before it could be used to enhance the sentence.

However, California chooses to ignore this logical analysis of the facts
and only recognizes the "upper term" enhancement as a sentence elevating factor
that must have been submitted to a jury for their finding with the use of the
higher standard of beyond a reasonable doubt when deciding whether or not a
petitioner is to be given the reduction in sentencing that the CUNNINGHAM v
CALIFORNIA case mandates.

Therefore, this Court is being asked to issue a writ of Habeas Corpus or

01  a writ of Mandamus or whatever writ is most appropriate to make the state

02  follow the law as set forth by the U.S. Supreme Court in the Cunningham case.

03

04  <u>Conclusion</u>

05      For the aforestated reasons Petitioner requests this Honorable Court  to

06  find for the Petitioner and issue an order to show cause to the state for a

07  response from the state as why the issuance of the writ of habeas corpus should

08  not be granted in this case. Petitioner declares that the foregoing is true and

09  correct and sumits the instant petition for relief on this the 21st day of

10  October, 2007.

11

12  Michael Equels  -   Petitioner
    In Propria Persona      and
    In Forma Pauperis

13  ///

14  ///

15  ///

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# EXHIBIT "A"

Court of Appeal, Fourth Appellate District, Div. 1 - No. D050813
**S155529**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re MICHAEL EDWARD EQUELS on Habeas Corpus

The petition for review is denied.

SUPREME COURT
FILED

OCT 1 0 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

# EXHIBIT "B"

Michael Edward Equels  J-25307
P.O. Box 409040   B-10-206 Up
Ione, Ca. 95640-9040

In Propria Persona
In Forma Pauperis

**SUPREME COURT**
**F I L E D**

AUG 2 9 2007

**Frederick K. Ohirich Clerk**

DEPUTY

PETITIONER COPY IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| In re Michael Edward Equels | < | |
| | < | **S155529** |
| On | < | Case Number |
| | < | (San Diego County Super. Ct. Nos. |
| Habeas Corpus. | < | HC 15203, CR 143084--Fourth Appel. |
| | | Dist. No. D050813) |

Appeal From Order Denying Writ Of
Habeas Corpus

## FILED WITH PERMISSION

### INTRODUCTION

Comes now the Petitioner, Michael Edward Equels, seeking relief from the order denying Petition For writ of Habeas Corpus and the sanctions requested by Petitioner in the California Court of Appeals as case number D050813 (See Exhibit A) wherein, Petitioner contends that he was entitled to issuance of the Writ Of Habeas Corpus and the relief sought within it.

Petitioner asked for Two (2) seperate orders from the Court of Appeals:

1. Granting of the relief sought by the Writ of Habeas Corpus wherein Petitioner had shown the relief was warranted.,

2. For the Court of Appeals to use their own discretion to determine if the actions of the presiding judge in the case was against the Court's own rules, common sense, and the moral codes and values we have in this Country. AND IF SO, sanction that judge in the manner the Court so chose and deemed as befitting the behavior.

However, the Court of Appeals chose to ignore the blatent disregard for court rules, canons, jurisprudence, ethical behavior, etc... in their response to the petitioner (See Exhibit A).

-1-

Thus, ipso facto, the very words used to deny the Petition were faulty at best and a complete and total waste of everyones time who was even remotely involved and deserves a closer scrutiny by someone who has the ablity and the desire to serve a modicum of justice to the people whom they were entrusted to represent and serve.

### Argument I

In Exhibit B Petitioner has placed a true and exact copy of the moving papers placed before the bench in the California Court of Appeals For The Fourth District for their perusal, wherein, it becomes very apparent even on the facing page that Petitioner was asking for Two distinct and separate actions.

Perhaps Petitioner was mistaken in the presentation of the format in requesting the sanctions of a judge for his total ineptism. However, given the fact that Petitioner is not an attorney-at-law and does not have the ability to practice law nor is he allowed access to courtrooms on a daily basis, one would certainly hope the Court would grant him a little leeway and latitude in his presentation of the facts or grant to him the court-appointed counsel he is entitled to and not merely throw him out on his ear because of the format he used to present the facts in the most succinct and orderly fassion he could.

If, in fact, the Petitioner is to be treated as a professional attorney then one would hope the court in their infanent wisdom would actually listen to the facts as presented and <u>ANSWER THE ALLEGATIONS MADE BY SAID ATTORNEY</u> in the petition and not merely deny the petition for reasons having nothing to do with the instant cause of action.

For example; since the "Petition for a writ of habeas corpus will lie to challenge the lawfulness of imprisonment, conditions of confinement or other or potential restraint on personal liberty..." then one could only assume that the Court of Appeals would have chosen to <u>ANSWER THE CHALLENGE BY THE PETITION-ER THAT HE WAS ILLEGALLY SENTENCED AND IS BEING ILLEGALLY DETAINED!!!</u>

01  However, no such determination was evaluated nor entertained by the Court

02  and their reply merely stated that the petition for writ of habeas corpus

03  "...does not lie to sanction a lower court." **WHICH HAS NOTHING TO DO WITH THE**

04  **CUNNINGHAM v CALIFORNIA DECISION**, which is what petitioner has argued.

05  Not reaching the merits of a case does not equate to the standards as set

06  forth in the policy and practices of our judicial branch. Because a judge has

07  misconstrewed what Petitioner has attempted to say because of the format the

08  Petitioner presented to the court does not excuse the court from its **DUTY** in

09  the factfinding process.

10  Since **Mabury v Madison** 5 U.S.(1 cranch) 137 (1803) held that "it is the

11  province and duty of the judicial department to say what the law is." is the

12  most basic sort of principle of law and the only thing keeping the judicial

13  branch of our government serving justice instead of merely retribution and

14  retalliation.

15  Petitioner would ask this Honorable Court to use its power of review to

16  reach the merits on its own and answer the Petitioner's Writ by finding the

17  same as other courts have done.

18  Justice Stevens donned the mantel of a legal historian to trace the vener-

19  able legal principles which grounded the Supreme Court's ruling in Apprendi v.

20  New Jersey (2000) 530 U.S. 466 citing the scholarly works of J. Story--Comment-

21  aries On The Consitution Of The United States (4th ed. 1873) and W. Blackstone-

22  -Commentaries On The Laws Of England (1769). Justice Stevens reminded us that

23  since the earliest years of American Jurisprudence it has been understood that

24  in criminal matters trial by jury was intended to require that "The truth of

25  every accusation..." should be confirmed by the unanimous findings of Twelve

26  jurors and further, that the origins of those principles flowed from the

27  spring of English Common Law tradition.

28  The rule of law set forth in Apprendi @ 490 is clear, concise and unambig-

uous:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

People v Black (2005) 35 Cal.4th 1238--overturned by Cunningham v California (2007) 127 U.S. Ct. 856 ante, improperly relied upon by the prosecutor and currently under scrutiny by the U.S. Supreme Court--represents a failed attempt to protect judicial discretion to impose aggravated terms of imprisonment with no jury involvement and while being guided by a finding of aggravation in acc-ord with Rule 4.420 of the Rules Of Court which requires that "Circumstances in aggravation and mitigation shall be established by a preponderance of the evidence."

The facts charged and reasoning employed by the trial court in People vs. Cunningham (2007) 127 S.Ct. 856 and the case at bar are eerie in their similar-ieties. Both trial courts, acting without the participation of juries and evaluating factors in mitigation and in aggravation found, by a preponderance of the evidence, that factors in aggravation outweighed those in mitigation and thereafter sentenced both defendants to enhanced terms.

Because the trial court in People v Equels made the same type of errors criticized in Apprendi, Ring, Booker, Black and Cunningham and the Petitioner here has no immediate appellate remedy, the writ of Habeas Corpus should be granted, his sentence should be modified so as to comport with the mandates established in Apprendi. To accomplish this, Cunningham should be applied retroactively in Petitioner's case.

At length, the Attorney General has argued that Petitioner is not entitled to relief because,    (a) His conviction was final when Cunningham was decided and,

> (b) None of the decisions in the cases discussed herein should be considered as either announcing a "watershed rule of criminal procedure" Schiro v Summerlin (2004) 542 U.S. 348 nor presenting a substantive change in the law which would permit retroactive application of the

-4-

"new law".   The Attorney General may be incorrect in his conclusion.

Given the fact that compliance with the standards set forth in Cunningham and Apprendi would not only involve jurors in the finding of aggravating and mitigating factors, they would, of necessity, be asked to consider issues of penalties and punishments which are currently forbidden except in capital cases. Even if these are not "watershed" procedural changes, they would certainly be "**SUBSTANTIAL**" ones.

As a general rule, substantive changes in the law can be applied retroactively as in Teague v Lane (1989) 489 U.S. 288 and procedural changes can only be applied prospectively unless certain criteria are met as in Linkletter v Walker (1965) 318 U.S. 618. In this case, Petitioner has shown that the criteria has been met as well as the changes have been shown to be substantial ones so the Petitioner is clearly entitled to prevail as a matter of law.

Therefore, Petitioner hereby respectfully submits this petition for Writ of Habeas Corpus to this Court for consideration on this the 13th day of August 2007, and further asks this court to ON ITS OWN ACCORD AND IN ITS OWN DUE COURSE OF FOLLOWING THROUGH WITH THEIR OWN INVESTIGATIVE REASONING AND FACT_FINDING PROCEDURES, determine if the lower court has indeed lost its objectivity in its pusuit of justice and if so, set them back upon the propor path by whatever sanctions it deems befitting the misdeeds of the sitting judges.


Date:    August 13, 2007                    By: _____
                                            Michael Edward Equels - Petitioner
                                            In Propria Persona - In Forma Pauperis

///

///

///

-5-

# EXHIBIT "A"

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D

JUL 3 1 2007

Court of Appeal Fourth District

| | |
|---|---|
| In re MICHAEL EDWARD EQUELS | D050813 |
| on | (San Diego County Super. Ct. Nos. |
| Habeas Corpus. | HC 15203, CR 143084) |

THE COURT:

The petition for a writ of habeas corpus has been read and considered by Justices McDonald, McIntyre and O'Rourke. We take judicial notice of the direct appeal D021467.

Michael Edward Equels pleaded guilty to 36 counts of forcible lewd and lascivious conduct on a child under 14 years of age and two counts of exhibiting harmful matter with the intent of seducing a child. On June 16, 1994, the court sentenced him to 48 years in prison (consecutive six-year middle terms on eight counts with the remaining terms concurrent). On appeal Equels challenged the sentence. This court affirmed the judgment on August 7, 1995.

Citing *Cunningham v. California* (2007) 549 U.S. ___ [127 S.Ct. 856] ("*Cunningham*"), Equels claims his sentence is unlawful because the court imposed consecutive terms. In *Cunningham*, the United States Supreme Court decided California's Determinate Sentencing Law violates a defendant's right to a jury trial and proof beyond a reasonable doubt by allowing a judge to conduct fact-finding on aggravating factors used to justify the upper term sentence. *Cunningham* does not apply to Equels because he waived a jury trial, he was not sentenced to an upper term and his case was final before *Cunningham* was decided.

Equels claims the San Diego Superior Court improperly delayed ruling on his petition for a writ of habeas corpus and the court and the judge should be sanctioned. The documents provided show the superior court timely reviewed Equels's petition, however the order did not reach Equels because of an incomplete address; the superior

# EXHIBIT "B"



Michael Edward Equels  J-25307
P.O. Box 409040   B-8-232 Up
Ione   ,  Ca.  95640-9040

In Propria Persona
In Forma Pauperis
PETITIONERS Copy

Court of Appeal Fourth District
F I L E D
MAY - 3 2007
Stephen M. Kelly, Clerk
D 050803
DEPUTY

In The California Court of Appeals
In and For The Fourth District

Michael Edward Equels,                      (
                         Petitioner         (         Case Number: _____
                                            (
            VS                              (
                                            (         Petition For Writ Of Habeas Corpus
San Diego Superior Court,                   (              and Request For Sanctions
                         Respondants        (

Comes now the Petitioner, Michael Edward Equels, seeking relief from the order denying the petition for writ of Habeas Corpus filed in the Superior Court of San Diego on March 01, 2007 and order denying petition for summary judgment filed on April 16, 2007. (See Exhibit A and Exhibit B)

Petitioner contends that he is entitled to the relief sought in the original petition for writ of Habeas Corpus file with the Superior Court on February 06, 2007 (See Exhibit C) and further contends that the Superior Court in their denial of said petition has erroneously erred in the fact-finding process and come to an illogical conclusion even using their own flawed reasoning thereby making the ruling of March 01, 2007 a complete and utter exercise in futility and a mockery of the judicial branch of our government.

### Argument In Support of Petition

Petitioner contends that the sentencing court erred in the findings and application of the enhanced terms of consecutive sentences in the following manner;

01   The district Attorney's Office made Petitioner an offer of a plea agreement

02   that if he would plead guilty to Four (4) counts they would drop the remaining

03   counts against him. However, Petitioner refused the offer based upon the fact

04   he was indeed **NOT GUILTY** of the crime. The only reason the district Attorney

05   made such an offer was because the possibility of proving any of the rest of

06   the Thirty-two (32) charges stacked against Petitioner was non-existant.

07   However, due to the complete and total lack of adequate advocacy on trial

08   counsel's part, Petitioner was forced and cohearsed into a guilty plea to avoid

09   the trial judge's threatened "Two Hundred Ninty-one (291) years and Eight (8)

10   months in prison". These assertions can be clearly seen in the writ of Habeas

11   Corpus filed by Petitioner in 1995 under the court's own number of CR 143084,

12   wherein Petitioner points directly to the exact places on court transcripts

13   where the only occurances that were claimed to have ever even happened were

14   a total of **FOUR (4)** times and not the Thirty-six (36) charges as eluded to by

15   the Superior Court Judge in his two page diatribe that does not even remotely

16   come close to answering the call to justice the United States Supreme Court

17   issued in the <u>Cunningham V California</u> case.

18   In that case the Court found California's sentencing structure to be ille-

19   gally confining to the accused's Constitutional Rights. The law that was

20   declared illegal was the Determanent Sentencing Law or DSL. The DSL came into

21   existance and was enacted on **JANUARY 01, 1977** and by a logical analysis of

22   those facts alone would lead any sane and rational person to a conclusion of

23   **ANYONE WHO IS STILL BEING HARMED BY THE ILLEGAL LAW IS ENTITLED TO RELIEF AS OF**

24   **THE RULING DATE OF JANUARY 22, 2007** (date Cunningham was decided by U.S. Supreme

25   Court). The fact that the Superior Court uses prolixity to cloud the issues has

26   no bearing on the very real reality that the sentencing Court erred in the way

27   it chose to sentence Petitioner.

28   Since **IN RE WINSHIP**, (1970) 397 US 358 was already decided and granted to

01    give defendants the right to "proof beyond a reasonable doubt of every element

02    of the charged crime", the very nature of the DSL as enacted in 1977 made the

03    DSL an illegal law on its face and unenforcable the very instant it became law.

04         Therefore, Petitioner should never have received the sentence as was handed

05    down by the sentencing judge and must now be lifted to comply with the findings

06    in Cunningham.

07         Next we shall delve into the "FUNDAMENTAL-FAIRNESS" doctrine and rules of

08    fair play by all parties in a cause of action to include the sitting judge and

09    all parties on all sides of the issues.

10         The Fundamental-fairness doctrine requires that all parties have a fair and

11    equal opportunity to be heard and that the same rules are applied to all sides.

12    In the Petition filed as HC 15203 Petitioner has made and presented argument

13    that revolves around the findings in Cunningham, a 2007 case and relied upon

14    the "Watershed Rule" to apply those principles to his 1994 conviction. The

15    presiding judge ruled against the Petitioner because Petitioner's "direct appeal

16    was final years before Apprendi, Blakely and Cunningham were decided. According-

17    ly, those cases do not apply to him." (See Exhibit B page 2 lines 5-7)

18         The judge goes on to say the reason for his ruling is based upon Four (4)

19    cases from 2004, 2002, 1997 and 2005, also **all after Petitioner's direct appeal**

20    **was final**. If the Petitioner is to be limited to cases from before his case

21    was final is not the other parties also bound by those same conditions?

22         Since the opposing party has opened the door to cases well beyond the direct

23    appeal timelines does this not mean the Petitioner is also allowed to use the

24    same means to fight for his rights as the opposing parties have? The presiding

25    judge even went so far as to quote a court from 2007 but will not allow the

26    Petitioner to do the same. (See Exhibit B page 2 lines 16-20)

27         The Petitioner is using the 2007 Cunningham case and the Watershed Rule to

28    apply the fundamental fairness doctrine to the illegal sentence handed down in

01  the original trial by a judge who used methods deemed illegal by the U.S.

02  Supreme Court in the Cunningham case.

03      In People v Serrato,(1973) 9. Cal. 3d 753,763, the Appelate Court held that

04  "Sentencing errors which go to the jurisdiction of the court CAN BE RAISED AT

05  ANY TIME even though no objetions were interposed in the trial court." and "A

06  sentence which is not authorized by law exceeds the jurisdiction of the court."

07  as was found in People v Neal,(1993) 19 Cal.App. 4th 1114,1220.

08      Therefore, Petitioner is allowed to raise these issues at any point in time

09  regardless of whether or not his direct appeal was indeed final or was still

10  alive in another venue. The mere fact that the sentening court gave Petitioner

11  an illegal sentence is sufficient grounds for the relief sought.

12      [W]hen petitioner states a good cause of action, that through denial of

13  asserted constitutional rights he has not had the kind of trial in a state

14  court which the Due Process clause of the 14th Amendment requires, and when he

15  proves those allegations, relief is required,as was found in Mooney v Holohan,

16  394 U.S. 103.

17      The bedrock foundations of a "Full and Fair Hearing" have been modified by

18  the Supreme Court, changing what is required during the sentencing phase of a

19  trial. It is Petitioner's contention that, because the Cunningham decision

20  determined that a judge's use of the lower standard of a preponderance of the

21  evidence in sentencing violates a defendant's 6th and 14th Amendment rights,

22  the rights of California defendants have been routinely violated by judges

23  during sentencing since the inception of California's Determinante Sentencing

24  Law (DSL) in 1977. Therefore, anyone who is still suffering the effects of the

25  illegal enhancements erroneously sentenced by a judge in lieu of a jury is

26  entitled to relief as a matter of law.

27      California's enactment of Senate Bill (SB) 40 on March 30, 2007 cannot trump

28  the Supreme Court's findings in the Cunningham case, nor can SB 40 negate the

01  retroactivity of those findings for those individuals still being harmed by

02  the illegal enhancements whose legitimacy Cunningham struck down.

03      Finally we have but to address the inexcusable misdirection and misleading

04  prolixity the court has used as a reason to deny the petition without notifi-

05  cation to the Petitioner.

06      All prisons within the state of California have a way of seeing to it that

07  all legal mail addressed to anyone within CDCR arrives to that individual with

08  or without a correct address.

09      Petitioner sent his petition for writ of Habeas corpus to the San Diego

10  Superior Court on January 31,2007 and was entitled to an answer from the court

11  by April 1,2007 according to all court rules that the court as well as all

12  others are bound by. However, when Petitioner advised the court of the over-

13  sight and error that had occured in the case, he was chastised by the court

14  and told the court had already entered their findings a month prior to his

15  requesting an answer and since petitioner was being in such a rush for the

16  answer we'll throw some dates around and tell him he was already notified.

17  Maybe that will shut him up.

18      There are a few facts Petitioner would like known by all courts in this

19  state: 1) Petitioner is the ONLY person in the entire state penal system with

20  the last name of EQUELS so any check done by anyone about that last name

21  would result in his personal identifacation, so the whole "Petitioner was

22  served but it was returned for an incomplete address" line was total crap by

23  the court in a feable attempt to hide the fact that they screwed up.

24          2)The Honorable David J. Danielsen of San Diego is not quite so Honor-

25  able after all and will use whatever means that is necessary to cover his

26  ineptude.

27      Let us return to the practice of Fair Play in our judicial system for the

28  betterment of our society as a whole and get away from the destructive actions

-5-

01  done by the ones who are supposed to be the pillars of our society as examples

02  for us to follow.

03     It is for these reasons Petitioner submits the instant petition for Writ of

04  Habeas Corpus and asks this Honorable Court to levy sanctions against Judge

05  David J. Danielsen for his disregard for the ethical balance of our judicial

06  system and the delibrate and intentional lies told under the color of authority

07  of office. In his diatribe (See Exhibit A) directed toward Petitioner, the

08  evidence is readily seen on page 1 lines 24 through 28 and again on page 2

09  lines 4 through 10, Petitioner alleges the lies are self-evident when he says

10  "The Petitioner was served with the order denying that petition on March 2,2007

11  but it was returned for an incomplete address" and "On or about March 21, 2007

12  a copy of this same order was again served on Petitioner by mail."

13     Petitioner submits a copy of his "Legal Log" (See Exhibit D) that verifies

14  the Department of Corrections and Rehabilitation never recieved **ANYTHING** from

15  San Diego Superior Court from FEBRUARY 9, 2007 through April 19, 2007.

16     The entire month of March shows the only contact with San Diego **NON EXIST-**

17  **ANT.**   Only one conclusion can be reached by the evidence at hand, that the

18  Judge lied to avoid having to grant the motion for summary judgment Petitioner

19  filed on April 9, 2007 and responded to by the court on April 19, 2007.

20     Therefore, Petitioner respecfully submits the instant Petition for Writ of

21  Habeas Corpus and request for Sanctions to this Honorable Court on this, the

22  28th day of April, 2007.

23                     BY: _____

24                        Michael Edward Equels - Petitioner

                            In Propria Persona-In Forma Pauperis

25  ///

26  ///

27  ///

28

# EXHIBIT "A"

F I L E D
Clerk of the Superior Court

APR 16 2007

By: ELAINE SABLAN. Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF: | ) HC 15203 (2nd Petition) |
| | ) CR 143084 |
| | ) |
| | ) |
| MICHAEL EDWARD EQUELS, | ) ORDER DENYING PETITION FOR |
| | ) SUMMARY JUDGMENT |
| Petitioner | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

THIS COURT, HAVING READ THE PETITION FOR SUMMARY JUDGMENT AND REQUEST FOR RULING AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS:

On March 1, 2007, this Court denied Petitioner's habeas corpus petition because he had been sentenced and his direct appeal was final before the United States Supreme Court had decided three cases regarding current sentencing law. It was also denied because Petitioner had not been sentenced to the upper term in the underlying case.

The Court file indicates that Petitioner was served with the Order denying that petition, on March 2, 2007, but it was returned for an incomplete address. On or about March 21, 2007, a copy of this same Order was again served on Petitioner by mail.

On or about April 7, 2007, Petitioner signed a Petition for Summary Judgment, Notice and Request for Ruling and this document was received by the Court on April 12, 2007.

1   Petitioner complained that California Rule of Court 4.551(a)(3)(A), which requires the Court to

2   rule on his habeas corpus petition within 60 days, had been violated because this Court had failed

3   to comply.

4        A review of the Court file shows that the subject habeas corpus petition was filed with

5   this Court on February 6, 2007, and, as noted above, this Court denied that petition on March 1,

6   2007. This is 24 days after filing and, even with the return mail problem, the Order denying the

7   petition was served only about 21 days after that.

8        Therefore, because there is no violation of the above-referenced California Rule of Court

9   and because the record shows that the Order was properly and timely served, the petition for

10  summary judgment and request for ruling are both denied.

11       It is further ordered that a copy of this Order *and* a copy of the Order Denying the

12  Petition for Habeas Corpus file stamped March 1, 2007, be served on Petitioner and the Office of

13  the San Diego District Attorney, Appellate Division.

14       IT IS SO ORDERED.

15  DATED: _____4/16/07_____          _____

16                                    DAVID J. DANIELSEN

17                                    JUDGE OF THE SUPERIOR COURT

18

19  I hereby certify that the foregoing instrument is a

20  full, true & correct copy of the original on file in
    this office, that said document has not been revoked,
21  annulled or set aside, and it is in full force and effect.

    Attest: APR 1 7 2007 at 4:00 pm
22                    Clerk of the Superior Court of the State
    of California, in and for the County of San Diego
23                By _____Deputy

24

25

26

27

28

                                    -2-

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY BRANCH, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102 | *FOR COURT USE ONLY*<br><br>F I L E D<br>Clerk of the Superior Court<br><br>APR 1 7 2007<br><br>By: L. SANDOVAL, Deputy |
| PLAINTIFF(S)/PETITIONER(S)<br><br>The People of The State of California | |
| DEFENDANT(S)/RESPONDENT(S)<br><br>MICHAEL EDWARD EQUELS | JUDGE: _____<br><br>DEPT: _____ |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER<br>HC15203<br>CR 143084 |

I certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR SUMMARY JUDGMENT

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:   ☒ San Diego   ☐ Vista   ☐ El Cajon   ☐ Chula Vista   ☐ Oceanside   ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| MICHAEL EDWARD EQUELS | CDC # J-25307<br>P.O. BOX 409000<br>IONE, CA 95640-9040 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112-1011 |

CLERK OF THE SUPERIOR COURT

Date:04/17/2007_____        By L. SANDOVAL _____, Deputy

# EXHIBIT "B"

F I L E D.
Clerk of the Superior Court

MAR 0 1 2007

By: ELAINE SABLAN, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

IN THE MATTER OF THE APPLICATION OF:  )   HC 15203 (2nd Petition)
)  CR 143084
)
MICHAEL EDWARD EQUELS,    )   ORDER DENYING PETITION FOR WRIT
)   OF HABEAS CORPUS
      Petitioner      )
)
)
)
)
)
_____)

THIS COURT, HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS
AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS AS FOLLOWS:

On March 8, 1994, Petitioner pled guilty to 36 counts of forcible lewd and lascivious
conduct on a child under 14 years of age (Pen. Code § 288(b)) and two counts of exhibiting
harmful material with the intent of seducing a child (Pen. Code § 288.2(a)).  On June 16, 1994,
the court sentenced Petitioner to consecutive six-year middle terms on eight counts with the
remaining six-year middle terms to run concurrent, for a total term of 48 years in prison.

In the instant petition for writ of habeas corpus, filed February 6, 2007, Petitioner argues
that his sentence is illegal based on the recent decision in *Cunningham v. California* (2007) 549
U.S. __, 127 S.Ct. 856, 166 L.Ed.2d 856 (*Cunningham*).  In *Cunningham*, relying in part on its
precedents in *Apprendi v. New Jersey* (2000) 530 U.S. 466, 120 S.Ct. 2348 (*Apprendi*) and

*Blakely v. Washington* (2004) 542 U.S. 296, 124 S.Ct. 2531 (*Blakely*), the United States Supreme Court held that imposition of the upper term under California's Determinate Sentencing Law violates the right to a jury trial and proof beyond a reasonable doubt by allowing judges to conduct fact-finding on aggravating factors used to impose an upper term sentence.

In this case, however, *Cunningham* does not entitle Petitioner to any relief. Petitioner was sentenced and his direct appeal was final[1] years before *Apprendi*, *Blakely* and *Cunningham* were decided. Accordingly, those cases do not apply to him. (See *Schriro v Summerlin* (2004) 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 [*Ring v. Arizona* (2002) 536 U.S. 584, and a fortiori *Apprendi*, do not apply retroactively on habeas review]; *People v. Monge* (1997) 16 Cal.4th 826, 841 [new rules of constitutional law do not generally apply retroactively to convictions already final]; *In re Consiglio* (2005) 128 Cal.App.4th 511, 514-515 [*Apprendi* and *Blakely* not retroactive to cases already final on direct review].)

Moreover, Petitioner's case does not implicate *Cunningham* because he was not sentenced to an upper term. Petitioner argues the court violated *Cunningham* by imposing consecutive sentences, but the California Supreme Court has found that a jury trial is not required on aggravating factors that justify consecutive sentences. (*People v. Black* (2005) 35 Cal.4th 1238, 1261-1264.) This holding was not overturned by *Cunningham*. (See also, *People v. Hernandez* (2007) __ Cal.App.4th __ [2007 Cal.App.LEXIS 257] ["entrusting to trial courts the decision whether to impose concurrent or consecutive sentencing under California's sentencing laws is not precluded by the decisions in *Apprendi*, *Blakely*, and *Cunningham*."].)

Based on the above, the petition is denied. Service of this Order is ordered upon (1) the San Diego Office of the District Attorney, Appellate Division and (2) Petitioner.

IT IS SO ORDERED.

DATED: **3-1-07**

DAVID J. DANIELSEN
JUDGE OF THE SUPERIOR COURT

---

1 See Court of Appeal, Fourth Appellate District, Division One, case number D021467, remittitur issued October 31, 1995.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102 | FOR COURT USE ONLY<br><br>F I L E D<br>Clerk of the Superior Court<br><br>MAR 0 2 2007<br><br>By: L. SANDOVAL, Deputy |
| PLAINTIFF(S)/PETITIONER(S)<br><br>The People of The State of California | JUDGE: _____<br><br>DEPT: _____ |
| DEFENDANT(S)/RESPONDENT(S)<br><br>MICHAEL EDWARD EQUELS | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER<br><br>HC 15203<br>CR 143084 |

I certify that:  I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:    ☒ San Diego  ☐ Vista  ☐ El Cajon  ☐ Chula Vista  ☐ Oceanside  ☐ Ramona, California.

<u>NAME</u>

MICHAEL EDWARD EQUELS

SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE
APPELLATE DIVISION

<u>ADDRESS</u>

CDC # J25307
P.O. BOX 409000
IONE, CA 95640-9040

P.O. BOX 121011
SAN DIEGO, CA 92112-1011

CLERK OF THE SUPERIOR COURT

Date:  March 2, 2007          By _____, Deputy

# EXHIBIT   "C"

01 | Michael Edward Equels J- 25307
02 | P.O.Box 409040  B-8-232
   | Ione, Ca. 95640-9040
03 |
   | In Propria Persona
04 | In Forma Pauperis
05 |
                    **In The Superior Court**
06 |             For The County Of San Diego
07 |
08 | Michael Edward Equels,
                        Petitioner,  <    Case Number: _____
09 |                                 <
                    VS           <    P e t i t i o n   F o r
10 |                                 <    Writ Of Habeas Corpus
   | County of San Diego,            <
11 |                     Respondants  <
12 |
13 |                         **Introduction**
14 |     Comes now the Petitioner, Michael Edward Equels, seeking relief under and
15 | in light of the newly determined <u>Cunningham V California</u>, 2007 DJDAR 1003, case
16 | In which the court ruled that the sentence that was issued to Petitioner was
17 | not a legal sentence.
18 |     Petitioner contends that the sentencing court erred in the application of
19 | the enhancements found and used by the sentencing judge during the sentencing
20 | phase and therefore, <u>Petitioner is entitled to the relief</u> sought.
21 |
22 |                   **Argument In Support of Petition**
23 |     Petitioner contends that the trial judge found and used elements of the
24 | crime not proven to a jury beyond a reasonable doubt to enhance Petitioner's
25 | sentence as to count 8 as well as to sentences that run consecutive insead of
26 | concurrent (<u>SEE Exhibit A</u>).
27 |     The United States Supreme Court has repeatedly held that, under the Sixth
28 | Amendment, any fact that <u>exposes a defendant to a greater potential sentence</u>

-1-

01    must be found by a jury, not a judge, and established beyond a reasonable doubt

02    not merely by a preponderance of the evidece. While this rule is rooted in

03    longstanding common-law practice, its explicit statement in their decisions is

04    recent.

05        In Jones V United States, 526 U.S. 227 (1999) the Court examined the sixth

06    Amendment's historical and doctrinal foundations, and recognized that judicial

07    factfinding operating to increase a defendant's otherwise maximum punishment

08    posed a grave constitutional question. id at 239-252. While the Court construed

09    the statute at issue to avoid the question, the Jones opinion presaged their

10    decision, some 15 months latter, in Apprendi V New Jersy, 530 US 466 (2000).

11        In apprendi, the court held " Any fact that increases the penalty for a

12    crime beyond the statuory maximum must be submitted to a jury and proved beyond

13    a reasonable doubt." 530 U.S. at 490.

14        An element of the charged offense, essential to a jury's determination of

15    guilt, or admitted to in a defendant's guilty plea, does not qualify as an

16    aggravating circumstance and therefore, cannot be used to expose the defendant

17    to a harsher sentence and clearly Petitioner's 8th and controlling count was

18    used to give the Petitioner more time and the statements of the sentencing

19    judge (as can be seen in Exhibit A) were used to run the sentences consecutive

20    thereby, exposing the Petitioner to a greater sentence than what he would have

21    been exposed to absent those erroneous findings of the sentencing judge at

22    sentencing.

### Conclusion

24        It is for the afore-mentioned reasons that Petitioner asks this court to

25    grant the petition for writ of habeas corpus and using the new findings in the

26    Cunningham case to amend or modify the Petitioner's sentence in the following

27    ways;

28        A natural reading of the record shows four (4) occurances of the charged

-2-

violation of Penal Code 288(b). Therefore, Petitioner should have been sentenced to a term of : count 1 six years, count 2 six years consecutive, count 3 six years consecutive, count 4 six years consecutive, and the remainder of the counts to be the mid term of six years each run concurrently with the 24 years already imposed, absent a jury's finding of aggravating circumstances and thus granting the trial judge's enhancement of the recorded facts of four (4) occasions of the violation.

Twenty-four (24) years of incarceration not the forty-eight (48) years Petitioner was sentenced to allowing for the half-time credits Petitioner was able to get at that time would have allowed Petitioner to parole after serving twelve (12) years of incarceration not the illegally enhanced twenty-four (24) years he is currently serving.

In light of the Cunningham case, Petitioner is entitled to the recalculation of time and prays this Honorable Court would so order that the aggravated term found by the sentencing judge be stricken from the record and the legal term be imposed as stated above, and an abstract of judgement be sent to the Department of Corrections and Rehabilitation with an order to revise their records to reflect the new sentence and credits applied.

Petitioner respectfully submits this petition for writ of habeas corpus on this the 31st day of January 2007.

Michael Edward Equels, Petitioner
In Propria Persona, In Forma Pauperis

Petitioner was convicted in San Diego Superior Court on June 16, 1994 by judge Brown in case number CR 143084.

///

///

///

///

# EXHIBIT "D"

01  Michael Edward Equels  J-25307
P.O. Box 409040    B-8-232
02  Ione, Ca. 95640-9040

03  In Propria Persona
In Forma Pauperis

04

05             In The Superior Court Of California
             In and For The County Of San Diego

06

07

08  Michael Edward Equels,

                 Petitioner,    Case Number:   HC-15203

09

10           VS             Petition For Summary Judgment,
                    Notice and Request For Ruling
County Of San Diego,

11            Respondants

12

13    Petitioner submitted a petition for Writ Of Habeas Corpus to this Court on

14  January 31, 2007 which was filed by the Clerk Of The Court on February 6, 2007.

15  According to California Rules Of Court (hereafter CRC) Rule 4.551(a)(3)(A) the

16  Court was required to rule on the petition within 60 days, which the Court failed

17  to do.

18    Accordingly, Petitioner hereby respectfully files this **Notice** and **Request For A**

19  **Ruling** under CRC Rule 4.551(a)(3)(B) and further requests **Summary Judgment** since

20  this court does have all the relevant and **UNCONTESTABLE FACTS** before the bench and

21  upon those facts Petitioner is entitled to prevail as a matter of law.

22    Under the Mailbox Rule, Petitioner was entitled to a ruling by this court on

23  April 1, 2007 and by the filing date as stamped by the Clerk of The Court on April

24  7, 2007.

25    Petitioner respectfully submits this motion on this, the 7th day of April, 2007.

26

27  Date : April 7, 2007        By : _____

28                         Michael Edward Equels  -- Petioner
                         In Propria Persona And In Forma Pauperis

# EXHIBIT "E"

4/20/07

LOCKUP BY CDC

| LASTNAME | CDCNO | YAR | HOUSING | DATE | ORI | FROM | TO |
|---|---|---|---|---|---|---|---|
| EQUELS | J25307 | B | 8-232 | 01/23/2007 | F | SUP CT WASH D.C. | |
| EQUELS | J25307 | B | 8-232 | 01/29/2007 | T | | SUP CT WASH D.C. |
| EQUELS | J25307 | B | 8-232 | 02/01/2007 | T | | SAN DIEGO CO SUP CT |
| EQUELS | J25307 | B | 8-232 | 02/09/2007 | F | SUP CT SAN DIEGO | |
| EQUELS | J25307 | B | 8-232 | 02/13/2007 | F | SUP CT WASH D.C. | |
| EQUELS | J25307 | B | 8-232 | 02/15/2007 | T | | SUP CT WASH D.C. |
| EQUELS | J25307 | B | 8-232 | 02/15/2007 | T | | ATTY GEN SACTO |
| EQUELS | J25307 | B | 8-232 | 02/20/2007 | T | | SAN DIEGO COURT |
| EQUELS | J25307 | B | 8-232 | 02/23/2007 | T | | SUP CT WASH D.C. |
| EQUELS | J25307 | B | 8-232 | 02/23/2007 | T | | STATE ATTY GEN OFF |
| EQUELS | J25307 | B | 8-232 | 03/22/2007 | F | SUP CT US WASHINGTON | |
| EQUELS | J25307 | B | 8-232 | 04/09/2007 | T | | SAN DIEGO SUP CT |
| EQUELS | J25307 | B | 8-232 | 04/19/2007 | F | SUP CT SAN DIEGO CO | |

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Michael Edward Equels

2254 DEFENDANTS
FILING FEE PAID
Yes   No
IFP MOTION FILED
Yes   No
COPIES SENT TO
Court   Filer

County of San Diego, et al

FILED
OCT 23 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   ____   DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Amador
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**   ATTORNEYS (IF KNOWN)

Michael Edward Equels
PO Box 409040
Ione, CA 95640
J-25307

'07 CV 2074 J   RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party. 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE ____   Docket Number ____

DATE   10/23/2007

~~SIGNATURE OF ATTORNEY OF RECORD~~

R. Mills