**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL EDWARD EQUELS,<br><br>                      Petitioner,<br><br>    vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                      Respondents. | Civil No.   07cv2074 J (RBB)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

      Petitioner, Michael Edward Equels, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### **PETITION BARRED BY GATEKEEPER PROVISION**

      The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his June 16, 1994, conviction in San Diego Superior Court case No. SCN 143084. On October 20, 1998, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 98cv1902. In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. SCN 143084 as well. On April 23, 1999, this Court denied the petition on the merits. (*See* Order filed April 23, 1999 in case No. 98cv1902 K (LAB) [Doc. No. 17].) Petitioner appealed that determination. On July 28, 2000, the Ninth Circuit Court of Appeals dismissed the appeal and affirmed this Court's decision. (*See* Order in *Equels v. Hubbard*, No. 99-56456 (9th Cir. July 28, 2000).)

1  Petitioner is now seeking to challenge the same conviction he challenged in his prior
2  federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the
3  appropriate court of appeals authorizing the district court to consider a successive petition, the
4  petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no
5  indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive
6  petition. Furthermore, Petitioner argues that he is entitled to relief under the recently decided
7  United States Supreme Court case *Cunningham v. California*, 127 S.Ct. 856 (2007). However,
8  Petitioner has not demonstrated that his "claim relies on a new rule of constitutional law, made
9  retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"
10 as required under section 2244(b)(2)(A). 28 U.S.C. § 2244(b)(2)(A).

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, nor that *Cunningham v. California* may be retroactively applied to his claim, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice

**IT IS SO ORDERED.**

DATED: December 14, 2007

_____
**HON. NAPOLEON A. JONES, JR.
United States District Judge**

cc: All Parties of Record