# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDWARD EQUELS,<br><br>        Petitioner,<br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Civil No.    07cv2074 J (RBB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |

On October 23, 2007, Petitioner Michael Edward Equels ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). On December 14, 2007, this Court summarily dismissed the Petition as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). On January 7, 2008, Petitioner filed the instant Motion for Reconsideration ("Motion").

### *Legal Standard*

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend

---

[1] However, Local Rule 7.1(I) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "30 days of the entry

judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

## *Discussion*

In his Motion, Petitioner seeks to challenge the dismissal of his habeas petition as a successive petition on the grounds that *Cunningham v. California*, 549 U.S. 270 (2007), which was not decided when Petitioner filed his first federal petition, has created a new constitutional rule that allows him to file another habeas petition. (Pet. at 1.) Despite Petitioner's argument, the instant case is nevertheless successive because the Supreme Court has not specifically made *Cunningham* retroactive on collateral review. *See Tyler v. Cain*, 533 U.S. 656 (2001) (holding that a petition is not successive if it relies upon a new rule of constitutional law made retroactive by the Supreme Court.); *see also* 28 U.S.C. § 2244(b); *Murray v. Grenier*, 394 F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)); *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Ca. 2003) (same).

---

of the ruling."

[2]Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed not more than one year after the judgment order, or proceeding was entered or taken. FED.R.CIV.P. 60(c). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason that justifies relief. FED.R.CIV.P. 60(b).

Accordingly, unless Petitioner shows that he or she has obtained an Order from the Ninth Circuit Court of Appeals authorizing this Court to consider a successive petition, the Petition may not be considered. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

*Conclusion*

Because there is no indication that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, this Court **DENIES** Petitioner's Motion for Reconsideration

**IT IS SO ORDERED**.

DATED: September 19, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Brooks
All Counsel of Record